UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

AUG 1 4 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Judy Davis *et al.*, )
)
      Plaintiffs, )
)
v. )    Civil Action No.
)
Richard Sarles *et al.*, )
)
      Defendants. )

14-1389

(RJL)

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on its initial review of the plaintiffs' *pro se* complaint and applications to proceed *in forma pauperis*.  The plaintiffs are a family of four, Judy Davis, Zuri Davis, Tavares Davis, and Solomon Davis, who reside in the District of Columbia.  They claim to have suffered injuries as a result of Solomon's encounter with officers of the Washington Metropolitan Area Transit Authority and the Metropolitan Police Department and his eventual arrest and appearances in the Superior Court of the District of Columbia.  Plaintiffs seek declaratory relief and money damages exceeding $30 million.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), the Court is required to dismiss a complaint "at any time" it determines that the complaint seeks monetary relief against a defendant who is immune from such relief.  Such is the case with the judicial defendants named in the instant complaint.  Hence, the Court will dismiss the complaint against those defendants and direct the remainder of the case to go forward.

Judges are absolutely immune from lawsuits arising from acts taken in their judicial capacity.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Thanh Vong Hoai v. Superior Court for District of Columbia*, 344 Fed. Appx. 620 (D.C. Cir. 2009) (per curiam); *Sindram v. Suda*,

986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Stump v. Sparkman*, 435 U.S. 349, 362 (1978)

(absolute immunity applies "even if [the judge's] approval of [a] petition was in error").

Absolute immunity does not apply to actions "taken in the complete absence of all jurisdiction."

*Mireles*, 502 U.S. at 13.

The judicial defendants in the instant complaint are Superior Court Judges Rodney

Wertheim, Heidi Pasicow, Milton C. Lee, and Cheryl M. Long.  *See* Compl ¶ 4.  Plaintiffs allege

that these defendants "are sued … for acts committed against Solomon Davis in clear absence of

all jurisdiction . . . ."  *Id.*  But they fault Judge Pasicow for allegedly "refus[ing] to recognize"

Solomon's right to represent himself, "disregard[ing] Solomon's oral and written demand to

show the finding of probable cause . . . ," and ordering Solomon to return for a trial, *id.* ¶¶ 9-10;

Judges Wertheim and Long for issuing warrants to search their home in the District's northeast

quadrant for guns and drugs, *id* ¶¶ 11, 17; and Judge Lee for granting the government's motion

to dismiss the prosecution without prejudice, *id.* ¶ 15.  Such actions fall squarely within the

Superior Court's jurisdiction and the official duties of the sitting judges.  *See Stump*, 435 U.S. at

362 ("[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of

the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations

of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."); *Burns v. Reed*,

500 U.S. 478, 492 (1991) ("[T]he issuance of a search warrant is unquestionably a judicial

act[.]").

Accordingly, it is

ORDERED that the complaint against the judicial defendants, Judges Rodney Wertheim,

Heidi Pasicow, Milton C. Lee, and Cheryl M. Long, is DISMISSED; it is further

ORDERED that the applications of Judy Davis, Zuri Davis, Tavares Davis, and Solomon Davis, to proceed *in forma pauperis* are GRANTED; it is further

ORDERED that the Clerk of Court shall randomly assign this case to a district judge for further proceedings.

Date:  August 12th, 2014

United States District Judge